UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| HEATHER PRINKEY,<br>Individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PURPLE LAND MANAGEMENT,<br>L.L.C.<br><br>    Defendant. | § § § § § § § § § § § § § § § | DOCKET NO. _____<br><br><br><br>CLASS ACTION<br>PURSUANT TO FED. R. CIV. P. 23<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**

**I.   SUMMARY**

1. Heather Prinkey ("Prinkey" or "Plaintiff") brings this lawsuit against Purple Land Management, L.L.C. ("Purple Land Management") to recover unpaid overtime wages and other damages under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104. Plaintiff also brings individual claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Prinkey and the other workers like her regularly worked for Purple Land Management in excess of 40 hours each week.

3. But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4. Instead of paying overtime as required by the FLSA, Purple Land Management paid

these workers a daily rate with no overtime pay and improperly classified them as independent contractors.

5. Plaintiff worked with numerous individuals who performed similar job duties and were subjected to the same illegal compensation practices which denied Plaintiff overtime as required by the FLSA, Ohio Wage Acts and PMWA. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers who worked for Purple Land Management.

## II.   JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. §§ 1391 (b) and (c) because Purple Land Management operates in this District and Division and because a substantial part of the events giving rise to this claim occurred in this District and Division.

8. Prinkey repeatedly performed services for Purple Land Management in Allegheny County, Pennsylvania, including reviewing land records at the county courthouse.

## III.   THE PARTIES

9. Prinkey worked exclusively for Purple Land Management as a Landman during the relevant statutory time period. Throughout her employment with Purple Land Management, Prinkey was paid a day rate with no overtime compensation and was classified as an independent contractor. Prinkey's written consent is attached as Exhibit A.

10. Prinkey is resident of and a citizen of Pennsylvania.

11. Prinkey brings this action on behalf of herself and all other similarly situated Landmen

who worked for or on behalf of Purple Land Management, who were classified as independent contacts and without receiving overtime for hours worked in excess of forty (40) in a workweek. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **ALL CURRENT AND FORMER LANDMEN WHO WORKED FOR OR ON BEHALF OF PURPLE LAND MANAGEMENT AND WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE DURING THE LAST THREE (3) YEARS. (**"Putative Class Members")

12. Plaintiff also seeks class certification of this class under Fed. R. Civ. P. 23 under the PMWA ("PMWA Class") and the Ohio Wage Acts ("Ohio Class").

13. The class of similarly situated employees sought to be certified as a class action under the PMWA is defined as:

> **ALL CURRENT AND FORMER LANDMEN WHO WORKED FOR OR ON BEHALF OF PURPLE LAND MANAGEMENT IN PENNSYLVANIA AND WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE DURING THE LAST THREE (3) YEARS.** ("Pennsylvania Class Members")

14. The class of similarly situated employees sought to be certified as a class action under the Ohio Wage Acts is defined as:

> **ALL CURRENT AND FORMER LANDMEN WHO WORKED FOR OR ON BEHALF OF PURPLE LAND MANAGEMENT IN OHIO AND WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE DURING THE LAST THREE (3) YEARS.** ("Ohio Class Members")

15. The Putative Class Members are easily ascertainable from Purple Land Management's business records, particularly personnel records.

16. Purple Land Management Corp. may be served through its registered agent: **Incorp Services, Inc., 815 Brazos, Suite 500, Austin, TX 78701.**

3

### IV.  COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Purple Land Management has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Purple Land Management has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Purple Land Management has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

21. Purple Land Management treated Prinkey and the Putative Class Members as employees and uniformly dictated the pay practices to which Prinkey and its other employees (including its so-called "independent contractors") were subjected.

22. Purple Land Management's misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA, Ohio Wage Acts, or the PMWA.

### V.  FACTS

23. Purple Land Management is a full-service land management firm that handles title and leasing, due diligence and opinion certification to right-of-way acquisition, surveying and surface operations. *See* https://www.purplelandmgmt.com/practices-1 (last visited Jan. 16, 2020).

24. Purple Land Management operates throughout the United States, including Pennsylvania, Ohio, and West Virginia. To complete its business objectives, Purple Land Management hires personnel, such as Prinkey, to perform landman services.

25. Purple Land Management's Landmen are required to assist Purple Land Management's customers in securing title, signing leases, communicating with attorneys regarding land acquisitions, and serving as the liaison between land owners and Purple Land Management's clients.

26. Many of these individuals worked for Purple Land Management as "independent contractors" on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ,[1] these employees are subjected to the same or similar illegal pay practices for similar work.

27. For example, Prinkey worked exclusively for Purple Land Management from approximately May 2017 to November 2019 as a Landman. Throughout her employment with Purple Land Management, she was classified as an independent contractor and paid on a day-rate basis. Prinkey was never paid on a salary basis.  She never received any guaranteed weekly compensation from Purple Land Management irrespective of days worked (i.e., the only compensation she received was the day-rate for each day that she actually worked).

28. Prinkey worked for Purple Land Management throughout the states of Pennsylvania, Ohio, and West Virginia. For example, Prinkey reviewed land records on behalf of Purple Land Management in Allegheny County, Pennsylvania.

29. Plaintiff and the Putative Class Members worked for Purple Land Management in the Commonwealth of Pennsylvania and/or Ohio and throughout the United States over the past three years as independent contractors.

---

[1] Other related job titles include: Title Abstracter and Land Agent.

5

30. The day to day activities of the Putative Class Members were conducted within designated parameters defined by Purple Land Management.

31. Prinkey and the Putative Class Members worked well in excess of 40 hours each week while employed by Purple Land Management.

32. The work Prinkey and the Putative Class Members performed was an essential part of Purple Land Management's core business.

33. During Prinkey's employment with Purple Land Management while she was classified as an independent contractor, Purple Land Management exercised control over all aspects of her job. Purple Land Management did not require any substantial investment by Prinkey for her to perform the work required of her.

34. Prinkey was not required to possess any unique or specialized skillset (other than that maintained by all other Landmen) to perform her job duties.

35. Purple Land Management determined Prinkey's opportunity for profit and loss.

36. Indeed, Purple Land Management controlled all the significant or meaningful aspects of the job duties performed by Prinkey.

37. Purple Land Management ordered the hours and locations Prinkey worked, the equipment and forms she used, and the rates of pay she received.

38. Purple Land Management controlled all aspects of Prinkey's job activities by enforcing mandatory compliance with Purple Land Management's policies and procedures.

39. No real investment was required of Prinkey to perform her job. More often than not, Prinkey utilized equipment provided by Purple Land Management to perform her job duties.

40. Purple Land Management made the large capital investments in buildings, tools, and supplies in the business in which Prinkey worked.

41. Prinkey did not incur operating expenses like rent, payroll and marketing.

42. Prinkey was economically dependent on Purple Land Management during her employment.

43. Purple Land Management set Prinkey's rates of pay, her work schedule, and prohibited her from working other jobs for other companies while she was working on jobs for Purple Land Management.

44. Purple Land Management directly determined Prinkey's opportunity for profit and loss. Prinkey's earning opportunity was based on the number of days Purple Land Management scheduled her to work and the assignments she was provided.

45. Very little skill, training, or initiative was required of Prinkey to perform her job duties.

46. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Purple Land Management.

47. Virtually every job function was pre-determined by Purple Land Management, including the tools used, the data to research and compile, the work schedule, and related work duties.

48. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

49. The Putative Class Members did not have any supervisory or management duties.

50. For the purposes of their overtime claims, the Putative Class Members performed substantially similar job duties related to servicing Purple Land Management's core business.

51. Prinkey performed routine duties that were largely dictated by Purple Land Management.

52. Prinkey worked exclusively for Purple Land Management from approximately May 2017 to November 2019 as an independent contractor.

53. Prinkey typically worked 12 hours per day during a five-day workweek for Purple Land Management.

54. Prinkey was not employed by Purple Land Management on a project-by-project basis.

55. In fact, while Prinkey was classified as an independent contractor, she was regularly on call for Purple Land Management and was expected to drop everything and work whenever needed.

56. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

57. Plaintiff and the Putative Class Members were subjected to the same illegal pay practice for similar work.

58. Specifically, Purple Land Management paid Plaintiff and the Putative Class Members a day rate, regardless of the number of hours that they worked each day (or in a workweek).

59. Purple Land Management did not pay Plaintiff and the Putative Class Members overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

60. Purple Land Management did not guarantee Plaintiff and the Putative Class Members a minimum salary per week.

61. Purple Land Management paid Plaintiff and the Putative Class Members a day rate equal to less than $455.

62. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members all worked in excess of 40 hours each week. Instead of paying them overtime, Purple Land Management paid the Putative Class

Members a day-rate. Purple Land Management denied Prinkey and the other Putative Class Members overtime for any hours worked in excess of 40 hours in a single workweek.

63. Purple Land Management's policy of failing to pay its independent contractors, including Prinkey, overtime violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

64. Because Prinkey (and Purple Land Management's other independent contractors) were misclassified as independent contractors by Purple Land Management, she and the Putative Class Members should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

65. Purple Land Management's day-rate system violates state and federal law because Prinkey and the other Landmen did not receive any pay for hours worked in excess of 40 hours each week.

## VI.    FLSA Violations

66. As set forth herein, Purple Land Management violated the FLSA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

67. Purple Land Management knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Purple Land Management's failure to pay overtime compensation was neither reasonable, nor was the decision not to pay overtime made in good faith.

68. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII.  PMWA Allegations

69. Purple Land Management is subject to the overtime requirements of the PMWA because Purple Land Management is an employer under 43 P.S. § 333.103(g).

70. During all relevant times, Prinkey and the PMWA Class were covered employees entitled to the above-described PMWA's protections.  See 43 P.S. § 333.103(h).

71. Purple Land Management's compensation scheme that is applicable to Prinkey and the PMWA Class failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

72. At all relevant times, Purple Land Management was subject to the requirements of the PMWA.

73. At all relevant times, Purple Land Management employed Prinkey and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

74. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

75. Defendants have and had a policy and practice of misclassifying Prinkey and each member of the Pennsylvania class as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

76. Prinkey and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

77. Prinkey and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

## VIII.  OHIO WAGE ACT ALLEGATIONS

78. Plaintiff brings this claim under the Ohio Wage Act as a Rule 23 class action.

79. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

80. At all relevant times, Defendants were and are subject to the requirements of the Ohio Wage Act.

81. The Ohio Wage Act requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and the Putative Class Members are entitled to overtime pay under the Ohio Wage Acts.

82. Defendants had a policy and practice of misclassifying Plaintiff and each member of the Ohio Wage Act class as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

83. Plaintiff and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

## IX.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

84. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Putative Class Members.

85. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, Ohio Wage Acts, and PMWA.

86. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

11

87. Based on her experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the Putative Class Members.

88. The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

89. Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

90. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

91. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

92. Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

93. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

94. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

95. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

96. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

97. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA, Ohio Wage Acts, and PMWA;

    b. Whether the Putative Class Members were improperly misclassified as independent contractors;

    c. Whether Defendant's decision to classify the Putative Class Members as independent contractors was made in good faith;

    d. Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e. Whether Defendant's violation of the FLSA, Ohio Wage Acts, and PMWA was willful; and

    f. Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

98. Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

99. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

100. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

**RELIEF SOUGHT**

101. WHEREFORE, Plaintiff prays for judgment against Purple Land Management as follows:

    a. An Order certifying a Rule 23 class action on behalf of all Landmen who worked for Purple Land Management in Pennsylvania;

    b. An Order certifying a Rule 23 class action on behalf of all Landmen who worked for Purple Land Management in Ohio;

    c. Judgment awarding Plaintiff unpaid back wages and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    d. Judgment awarding Prinkey and the PMWA Class all unpaid overtime and other damages available under the PMWA;

    e. For an Order awarding Prinkey and the Ohio Wage Act Class all unpaid overtime and other damages available under the Ohio Wage Act;

    f. For an Order awarding Prinkey and the PMWA Class their costs of this action;

    g. For an Order awarding Prinkey and the Ohio Wage Act Class their costs of this action;

    h. For an Order awarding Prinkey and the PMWA Class their reasonable attorneys' fees and expenses as provided by the FLSA and PMWA;

    i. For an Order awarding Prinkey and the Ohio Wage Act Class their reasonable attorneys' fees and expenses as provided by the FLSA and Ohio Wage Act;

    j. Pre- and post-judgment interest at the highest rate allowable by law; and

    k. All such other and further relief to which Plaintiff and the other Landmen may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *Andrew W. Dunlap*
 **Michael A. Josephson**
 PA ID: 308410
 **Andrew W. Dunlap**
 PA ID: 24078444
 **JOSEPHSON DUNLAP LAW FIRM**
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 713-352-1100 – Telephone
 713-352-3300 – Facsimile
 mjosephson@mybackwages.com
 adunlap@mybackwages.com

 **AND**

 Richard J. (Rex) Burch
 Texas Bar No. 24001807
 (*Pending Pro Hac Vice*)
 **BRUCKNER BURCH PLLC**
 8 Greenway Plaza, Suite 1500
 Houston, Texas 77046
 713-877-8788 – Telephone
 713-877-8065 – Facsimile
 rburch@brucknerburch.com

 **ATTORNEYS IN CHARGE FOR PLAINTIFF**